**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2008**

CHARLES RICHARD ALSOP GILBERT, JR.,

                Plaintiff - Appellant,

        v.

GARY BANGS,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.  (8:10-cv-01440-AW)

Submitted:  May 4, 2012                    Decided:  June 6, 2012

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Gardiner, Fairfax, Virginia, for Appellant.  Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Richard Alsop Gilbert, Jr., appeals the district court's order granting summary judgment in favor of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and dismissing his petition for review of ATF's final administrative decision denying his application for a federal firearms license for violations of the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921-30 (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm.

We review the district court's grant of summary judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we must view the evidence in the light most favorable to the nonmoving party. Blaustein & Reich, Inc. v. Buckles, 365 F.3d 281, 286 (4th Cir. 2004). However, "a nonmovant cannot defeat summary judgment with merely a scintilla of evidence." Id.

The Attorney General is authorized to deny an application for a federal firearms license if the applicant "willfully violated" any provision of the GCA. 18 U.S.C. § 923(d)(1)(C). A single willful violation of the Act is

2

sufficient to authorize the denial of an application for a federal firearms license. Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004); Arwady Hand Trucks Sales, Inc. v. Vander Werf, 507 F. Supp. 3d 754, 763 (S.D. Tex. 2007); DiMartino v. Buckles, 129 F. Supp. 3d 824, 827 (D. Md. 2001).

Gilbert previously served as the owner and chief responsible person for American Arms International ("AAI"), which secured a federal firearms license to sell firearms and ammunition in 1984. After a series of compliance inspections revealed a myriad of violations, ATF revoked AAI's license in 2005. Gilbert petitioned for judicial review, and the district court awarded ATF summary judgment, finding that the revocation of AAI's license "was not only 'authorized' but well justified" where Gilbert "continued to commit hundreds of violations of the GCA after repeated warnings about the unlawfulness of [his] prior noncompliance." Am. Arms Int'l v. Herbert, No. DKC 2006-2468 (D. Md. Feb. 19, 2008) (unpublished). This court affirmed the district court's judgment, noting that "[i]n the more than twenty years that Gilbert has been in business, [ ] he has shown a profound indifference to ATF's numerous efforts to bring him into compliance." Am. Arms Int'l v. Herbert, 563 F.3d 78, 87 (4th Cir. 2009).

3

On October 20, 2008, Gilbert filed an application for a federal firearms license in his personal capacity. ATF denied Gilbert's application on June 23, 2009, reasoning that Gilbert had willfully violated the GCA by: (1) serving as the chief responsible person for AAI, which committed thousands of violations of the GCA from 1984 to 2003, resulting in the revocation of its federal firearms license; (2) attempting to circumvent the revocation decision through a series of straw applications from 2004 to 2007; and (3) continuing to order and sell firearms in February and March 2008 following the revocation of AAI's federal firearms license. Following a hearing, ATF issued Gilbert a Final Notice of Denial of Application, and Gilbert petitioned for judicial review in the district court. The district court granted ATF's motion for summary judgment, finding that substantial evidence existed to support a finding of hundreds of willful violations of the GCA that serve as a valid basis for ATF's denial of Gilbert's license application.

On appeal, Gilbert asserts that the district court erred in granting ATF summary judgment because the five-year statute of limitations set forth in 28 U.S.C. § 2462 bars consideration of Gilbert's willful violations committed under AAI's license prior to 2003. In addition, Gilbert contends that he did not willfully violate the GCA by: (1) failing to file a

4

theft report for nineteen firearms; (2) ordering firearms in 2008 after AAI's license was revoked; and (3) making material misrepresentations on the applications of other individuals.

The district court declined to interpret 28 U.S.C. § 2462 as barring ATF's ability to consider Gilbert's acts under AAI's license that occurred more than five years before ATF denied Gilbert's application in June 2009. We concur. Section 2462 provides, in relevant part, that the United States may not commence an "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise" more than five years after the claim first accrued. 28 U.S.C. § 2462. Because the United States did not "commence" the proceedings that have led to this appeal, and, in any event, the denial of a federal firearms application is not the enforcement or assessment of a civil penalty, the statute of limitations imposed by 28 U.S.C. § 2462 does not apply here.

Although Gilbert contests the factual basis for some violations cited by ATF that postdate the revocation of AAI's license, Gilbert does not dispute the thousands of violations committed under AAI's license from 1984 to 2003. As ATF is authorized to deny an application for a federal firearms license based upon a single violation, ATF was clearly authorized in denying Gilbert's application. Accordingly, the district court properly awarded ATF summary judgment.

5

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED