**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1215

CHARLES RICHARD ALSOP GILBERT, JR.; BURGANDY PARK
ASSOCIATES, LLC; INDOOR RANGE OPERATING COMPANY,
LLC, trading as Gilbert's Indoor Range; BRYON GOSSARD; GILBERT
INDOOR RANGE, LLC,

                   Plaintiffs – Appellants,

         v.

UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS
and EXPLOSIVES, agent of ATF-Alcohol & Tobacco & Firearms-Director;
UNITED STATES OF AMERICA; GRETCHEN ARLINGTON, In her official
capacity and personal capacity; ENGAGED ARMAMENT;
ANDREW RAYMOND,

                   Defendants – Appellees,

and

GREG MILLER; THEODORE SABATE,

                   Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Theodore D. Chuang, District Judge. (8:15-cv-02127-TDC)

Submitted:  January 7, 2020                     Decided:  March 27, 2020

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Athan T. Tsimpedes, TSIMPEDES LAW FIRM, Washington, D.C., for Appellants. Robert K. Hur, United States Attorney, Molissa H. Farber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; David A. Martella, BARRY H. HELFAND, P.A., Rockville, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Richard Alsop Gilbert, Jr., Bryon Gossard, and their respective limited liability corporations appeal the district court's judgment dismissing their complaint, which alleged federal constitutional and state law tort claims arising out of the denial of Gossard's application for a federal firearms license. As explained below, all of their appellate arguments are either waived because they were not raised in the district court or else fail on the merits. Accordingly, we affirm the judgment of the district court.

I.

Gilbert operates Gilbert's Indoor Range, a members-only indoor gun range in Rockville, Maryland.[1] Gilbert used to sell firearms at the Range, but in the mid-2000s, his company's federal firearm license ("FFL") was revoked after the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") documented thousands of violations of the laws governing such sales. Gilbert challenged that agency decision in federal court and we affirmed it in *American Arms International v. Herbert*, 563 F.3d 78 (4th Cir. 2009). Thereafter, Gilbert applied for a federal firearms license to sell firearms in his personal capacity. However, ATF denied the application based on its conclusion that the wrongdoing of Gilbert's company could be imputed to him. ATF determined that the record evidence connected him to the company's violations and found evidence that Gilbert

---

[1] Gilbert is the principal of Indoor Range Operating Company, LLC, which operates under the trade name Gilbert's Indoor Range ("the Range").

3

had continued circumventing firearms laws in the years since the prior revocation. Gilbert again challenged the agency's decision in federal court and we affirmed that decision as well. *Gilbert v. Bangs*, 481 F. App'x 52 (4th Cir. 2012) (per curiam). Additional attempts by Gilbert's associates and employees to obtain FFLs to sell firearms at the Range also failed.

Two days after we affirmed the denial of Gilbert's personal FFL application, Gossard became the third Range employee to apply for an FFL to sell firearms at the Range. Gossard purchased the right to sell firearms at the Range under the name "Gilbert Indoor Range, LLC" ("the LLC") from Gilbert for a sale price of $1.00. On his FFL application, Gossard identified himself as the only "responsible person" for the LLC.[2]

ATF assigned Investigator Gretchen Arlington to review Gossard's application. As part of that process, she conducted interviews with Gossard and inspected the Range. Her interviews probed the relationship between the LLC and the Range, and between Gossard and Gilbert. Arlington allegedly suggested that Gossard's application would be approved. However, shortly after her interviews concluded, Andrew Raymond, a principal of a separate Maryland gun range, Engage Armament, allegedly contacted ATF and reported

---

[2] Federal law requires applicants to list any "responsible person," which it defines as "any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association," insofar as they pertain to firearms. *See* 18 U.S.C. § 923(d)(1)(B). The willful failure to disclose any material information in the FFL application is a ground for denying it. *See* 18 U.S.C. § 923(d)(1)(D); 27 C.F.R. § 478.47(b)(4); 27 C.F.R. § 478.71.
(Continued)

that Gossard used unlawful drugs and was acting as a straw man for Gilbert to sell firearms.[3]

Thereafter, ATF denied Gossard's application, citing both Gossard's failure to list Gilbert as a responsible person on the application and his unlawful use of marijuana. Gossard appealed the denial of his application, and both the district court and this Court affirmed that decision relying solely on the "responsible person" omission. *Gossard v. Fronczak*, 701 F. App'x 266 (4th Cir. 2017); *Gossard v. Franczak*, 206 F. Supp. 3d 1053 (D. Md. 2016).

While Gossard's petition for review of the agency decision was pending in the district court, Gilbert, Gossard, and their respective companies (collectively "Plaintiffs" or "Plaintiffs-Appellants") filed their initial complaint in the U.S. District Court for the District of Maryland. They originally alleged claims against only the United States and the Acting Director of the ATF, asserting that the process surrounding the denial of Gossard's FFL license effectuated an unconstitutional taking.

The district court allowed two amendments to the complaint, and the operative pleading (labeled the "third amended complaint") added claims against ATF investigator Arlington and private defendants Engage Armament and its principals, Raymond and Theodore Sabate.[4] The newly-added claims were: a *Bivens* claim against Arlington and the

---

[3] Engage Armament is identified as "Engaged Armament" in the case heading and various places in the joint appendix. They refer to the same entity.

[4] One additional principal, Greg Miller, was never served and the district court dismissed the claims against him on that basis. He is not part of this appeal.
(Continued)

Private Defendants for intentionally interfering with the Plaintiffs' current and prospective business advantage and contract; a § 1983 claim against Arlington and the Private Defendants alleging due process violations for providing or using intentionally false statements relating to Gossard's FFL application; two state tort claims against Arlington and the Private Defendants (intentional misrepresentation and constructive fraud); and a third state tort claim against the Private Defendants only (unjust enrichment).

The Government Defendants (the United States, Director of the ATF, and ATF investigator Arlington) moved to dismiss; the Plaintiffs did not file any response to that motion. Because Sabate had filed for Chapter 7 bankruptcy while the case was pending, the claims against him had been automatically stayed. *See* 11 U.S.C. § 362(a). But the remaining Private Defendants (Engage Armament and Raymond) moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Plaintiffs filed an opposition to that motion.

The district court granted the motions and dismissed all claims as to all defendants except for the claims that had been stayed against Sabate.[5] *Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 306 F. Supp. 3d 776 (D. Md. 2018). The

---

We also note that although the operative complaint also identifies some claims as being brought against Andrew Young, he was never added as a party defendant and therefore was never part of this lawsuit.

[5] The district court's memorandum opinion observed that the claims against Sabate "appear[ed]" to be subject to dismissal on the same grounds as the claims against the other Private Defendants. *Gilbert*, 306 F. Supp. 3d at 790–91.
(Continued)

Plaintiffs noted an appeal, raising substantive challenges to the dismissal of the claims against Arlington and the Private Defendants.[6]

After regular briefing concluded, the Court directed supplemental briefing to address whether we had appellate jurisdiction given the still-pending claims against Sabate. Thereafter, Gilbert also moved in the district court for the court to issue an order under Federal Rule of Civil Procedure 54(b) certifying its prior order as "final" despite not adjudicating all claims against all parties.[7] The court granted the motion and entered a Rule 54(b) order. We have considered its explanation under the factors discussed in *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010), and conclude the district court did not abuse its discretion in certifying its prior order as final. Thus, we have appellate jurisdiction under 28 U.S.C. § 1291.

II.

A.

The Plaintiffs-Appellants contend the district court erred in dismissing the due process and tort claims against Arlington. They ask the Court to consider their arguments

---

[6] The district court dismissed the Takings Clause claim for lack of subject matter jurisdiction because federal law requires such claims to be brought in the U.S. Court of Federal Claims. The Plaintiffs-Appellants do not challenge that decision on appeal. That was the only claim asserted directly against the United States or Director of the ATF.

[7] By this time, the bankruptcy proceedings against Sabate had been closed; regardless, no party had moved to have the district court proceedings reopened so that the court could address the claims against him.

on appeal despite not filing a response to the Government Defendants' motion to dismiss, asserting in a conclusory manner that they have demonstrated a "fundamental error" that would allow such review. We disagree and conclude that the Plaintiffs-Appellants have waived their right to challenge the dismissal of the claims against Arlington.

As a general rule in civil cases, the Court will not review appellate arguments that were not made in the district court. *See In Re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("When a party in a civil case fails to raise an argument in the lower court and instead raises it for the first time before us, we may reverse only if the newly raised argument establishes fundamental error or a denial of fundamental justice." (internal quotation marks omitted)). We have considerable discretion in deciding which issues to consider for the first time on appeal, *Singleton v. Wulff*, 428 U.S. 106, 121 (1976), and "[a]bsent exceptional circumstances," we will decline to exercise that discretion, *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 242 (4th Cir. 2009) (internal quotation marks omitted).

The Plaintiffs-Appellants' arguments take issue with the district court's reasoning, but otherwise do not demonstrate "exceptional circumstances" that constitute "fundamental error or a denial of fundamental justice." This is not a case where the district court solely relied on their lack of response to grant the motion to dismiss. Instead, the district court undertook an extensive review of the merits of the Government Defendants' motion and the nature of the Plaintiffs-Appellants' claims. It offered thorough explanations—and in some cases more than one reason—why the claims were subject to dismissal. *Gilbert*, 306 F. Supp. 3d at 783–87. And there is nothing obviously incorrect in its determination that the due process claim would be barred by collateral estoppel because

8

(1) this Court had already concluded that the ATF properly denied Gossard's FFL application and (2) the tort claims did not satisfy or fall within the scope of the limited waiver of sovereign immunity found in the Federal Tort Claims Act. *See id.*; *see also In re Under Seal*, 749 F.3d at 286 (observing that when a plaintiff in a civil case fails to show plain error, the Court can "say with confidence that he has not established fundamental error," which requires a higher showing).

In short, the Plaintiffs-Appellants have raised no arguments on appeal that "establish[] fundamental error or a denial of fundamental justice" warranting a departure from our ordinary course that unpreserved arguments have been waived and will not be addressed for the first time on appeal. *In Re Under Seal*, 749 F.3d at 285 (internal quotation marks omitted). We therefore affirm the dismissal of the claim against the Government Defendants.

B.

Although the Plaintiffs-Appellants have not waived all of their arguments challenging the district court's decision to dismiss the claims against the Private Defendants, their remaining claims are no more meritorious. The district court dismissed the *Bivens* claim after observing that neither the Supreme Court nor this Court have recognized *Bivens* actions "brought against private actors or corporations, even when they are so closely aligned with federal officers that it might be said that they are acting under color of federal law." 306 F.3d at 788. Relatedly, the court observed that the § 1983 claim was improper because Raymond was not a state actor, so at best that claim could be amended to be a *Bivens* claim, which would result in dismissal for the same reasons the

9

initial *Bivens* action was dismissed. *Id.* at 789. Lastly, the court observed that even if the claims were construed or amended to be state tort law claims, it would decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. *Id.* at 788–89.

The Plaintiffs-Appellants do not take issue with the court's legal conclusion about the unavailability of a *Bivens* or § 1983 claim under the facts alleged. Instead, they argue that the district court's reason for declining to exercise supplemental jurisdiction over a re-crafted state tort claim would no longer be valid if we agree with them that any of the *other* federal claims should not have been dismissed. But we have not reversed any of the federal claims, so this argument lacks merit. The district court would still be well within its discretion to decline to exercise jurisdiction over an amended complaint raising purely state law claims. *See, e.g.*, *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 513 (4th Cir. 1993).

The district court next dismissed the existing state tort claims after concluding that they were untimely under Maryland's three-year statute of limitations and rejecting the argument that the claims would be timely under the relation-back doctrine because the original complaint did not raise these claims or name the Private Defendants. 306 F. Supp. 3d at 789–90. On appeal, the Plaintiffs-Appellants abandon their reliance on the relation-back doctrine and have raised an entirely new argument: that the district court erred by failing to consider whether the claims would have been tolled under Maryland's "continuing harm doctrine." *See Jones v. Speed*, 577 A.2d 64, 69 n.4 (Md. 1990) (stating that when the continuing harm doctrine applies, "every repetition of the wrong creates further liability and creates a new cause of action, and a new statute of limitations begins to run after each wrong perpetuated"). Because they failed to raise this argument in the

10

district court, it has been waived and we decline to consider it. *E.g., CoreTel Va., LLC v. Verizon Va., LLC*, 808 F.3d 978, 988 (4th Cir. 2015) ("When a party fails to raise a statute-of-limitations defense before the district court, it waives the right to do so on appeal. It is not enough for a party to raise a non-specific objection or claim. If a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." (citation and internal quotation marks omitted)).

## III.

For the reasons provided, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11